STATE OF VERMONT

ENVIRONMENTAL COURT



In re: Appeal of                   }

 Megan Price                 }          Docket No. 202-10-99 Vtec

## Decision and Order on Pending Motions

Appellant Megan Price appealed from a decision of the Planning Commission of the Town of Castleton granting site plan approval to Garry Bowen for construction of a structure on a lot in the RR2A zoning district.  Appellant has entered an appearance on her own behalf and represents herself; Appellee-Applicant is now represented by John A. Serafino, Esq. and Joseph Badgewick, Esq.; the Town of Castleton is represented by John S. Liccardi, Esq.

The following motions remain pending: Appellant's Motion to Compel, Appellee-Applicant's Motion to Dismiss and for Protective Order, and Appellant's Motion to Amend her discovery request.

## Appellee-Applicant's Motion to Dismiss

Appellee-Applicant has moved to "dismiss" Appellant's Statement of Questions to the extent that they go beyond the considerations of site plan approval; we treat this motion as one to strike the extraneous questions in the Statement of Questions.

The only matter before the Court is Appellant's appeal of the decision of the Planning Commission granting site plan approval to Appellee-Applicant.  If any related application for a zoning or building permit has been made to or issued by the Zoning Administrator, such action has not been appealed to the Zoning Board of Adjustment or to this Court, and is not before the Court in this appeal.

While the Court's consideration of the appeal is de novo, and the Court is not bound in any way by the action of the Planning Commission, the Court sits in place of the

1

Planning Commission and has no more authority to act than did the Planning Commission. All that the Planning Commission had before it was the application for site plan approval of the structure described in the application.

Under §600 of the Zoning Ordinance pertaining to site plan review, Planning Commission approval of a site plan is required, as a prerequisite to the issuance of a zoning permit, for all uses except for one- and two-family dwellings and their appurtenances. In performing site plan review, the Planning Commission, and hence this Court, may only regulate and impose conditions with respect to the adequacy of traffic access, circulation and parking, landscaping and screening, and the protection of renewable energy resources. Only those issues are before the Court in the present appeal.

If the use planned for this structure falls within the list of permitted uses in §320, such as agriculture and forestry, or a home occupation, or an accessory use to one of the permitted uses, then the Zoning Administrator may grant or deny the zoning permit and any interested party may appeal the Zoning Administrator's action to the Zoning Board of Adjustment within the 15 days provided for such appeals in 24 V.S.A. §4464(a). If the use planned for this structure falls within the list of conditional uses in §320, then the Zoning Board of Adjustment must act on an application for conditional use approval. In either instance, an appeal may be taken to this Court from an action of the Zoning Board of Adjustment. If any such appeal is timely made, it may be consolidated for hearing with the present appeal from the Planning Commission's site plan approval, but at the present time only the site plan issues are before the Court.

Accordingly, Appellee-Applicant's Motion is GRANTED to strike the questions in the Statement of Questions unrelated to site plan approval. It appears that at least Question 3, relating to traffic access and circulation; Question 8, relating to landscaping and screening; and Question 9, relating to access, fall within the criteria of site plan approval; the motion is granted to strike the remainder of the Statement of Questions. However, as the Statement of Questions is ten pages long and contains much text and argument as well as the questions highlighted in boldfaced type, on or before October 10, 2000, Appellant may move to amend her statement of questions. The Court treats a motion to amend the

2

statement of questions by the standards applicable to a motion to amend a complaint under V.R.C.P. 15.

<u>Appellant's Discovery Motions and Appellee-Applicant's Motion for Protective Order</u>

Appellant's September 8, 2000 Motion to Amend her "Request for Production and Inspection of Documents" is unnecessary, and will not be acted upon by the Court in the present form. V.R.C.P. 26(b)(1), second paragraph. Under the ordinary rules of discovery, the requests are made and exchanged between the parties or attorneys, and the Court need not be applied to unless there is a dispute. We note that this amended request strikes three of the former requests for discovery, adds two additional requests, and makes some of the remaining requests more specific to the property at issue in this appeal. Appellant's July 12, 2000 Motion to Compel is therefore DENIED as MOOT. If Appellant moves to amend her Statement of Questions, she may wish to further refine her discovery request so that it is properly addressed to matters relevant to the site plan review, including information reasonably calculated to lead to the discovery of admissible evidence. V.R.C.P. 26(b)(1), first paragraph.

Appellee-Applicant's Motion for Protective Order is DENIED for two reasons. Most importantly, the ordinary civil discovery rules do apply to zoning and planning appeals in Environmental Court. V.R.C.P. 76(a)(2). The limitations on discovery in Environmental Court only apply to proceedings under 10 V.S.A. Chapter 201. V.R.C.P. 76(a)(3). Secondly, Appellant has already revised her discovery request to limit the excessive scope of some of the questions, and may further amend it because Appellant's Statement of Questions has been limited by the Court in the present order. To avoid unnecessary motions on the part of the parties, and unnecessary rulings by the Court, leave is hereby give to Appellee-Applicant to file a renewed Motion for Protective Order if necessary after receiving Appellant's amended Statement of Questions and renewed discovery request, or after October 10, 2000 if no motion to amend the Statement of Questions is filed.

Done at Barre, Vermont, this 28th day of September, 2000.

3

_____
Merideth Wright
Environmental Judge